# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| FREDERICK WARREN, #B58882, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Case No. 3:21-cv-00575-SMY |
| ) | |
| MCQUEEN, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Frederick Warren, an inmate of the Illinois Department of Corrections currently incarcerated at Lawrence Correctional Center, filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for an alleged deprivation of his constitutional rights. This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A. Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

### The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1): During evening medication distribution on November 14, 2019, Plaintiff did not receive his prescribed pain medication. As he attempted to explain this issue to the nurse, Sgt. McQueen yelled at him that he was taking too long at the window. Plaintiff then tried to explain the issue to Sgt. McQueen, but he would not listen. Plaintiff asked to speak to the zone lieutenant because Sgt. McQueen was interfering with the nurse giving him his medication. Sgt. McQueen responded that he would not call the lieutenant and then attacked Plaintiff, grabbing him by the neck and choking him until he became light-headed. Sgt. McQueen also kicked plaintiff in the left shin causing an abrasion.

Based on the allegations in the Complaint, the Court designates the following claim in this *pro se* action:

> Count 1: Eighth Amendment claim against McQueen for use of excessive force on Plaintiff on November 14, 2019.

Any claim that is mentioned in the Complaint but not addressed in this Order is dismissed without prejudice as inadequately pled under the *Twombly* pleading standard. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

## Discussion

The Eighth Amendment protects prisoners from being subjected to cruel and unusual punishment. *Brown v. Budz*, 398 F.3d 904, 909 (7th Cir. 2005). "Correctional officers violate the Eighth Amendment when they use force not in a good faith effort to maintain or restore discipline, but maliciously and sadistically for the very purpose of causing harm." *Wilborn v. Ealey*, 881 F.3d 998, 1006 (7th Cir. 2018). The allegations in the Complaint are sufficient for Plaintiff to proceed on the claim in Count 1 against McQueen.

## Disposition

The Eighth Amendment use of excessive force claim in the Complaint (Doc. 1) will proceed against Defendant McQueen.

The Clerk shall prepare for McQueen: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms

were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). Pursuant to Administrative Order No. 244, Defendant need only respond to the issues stated in this Merit Review Order.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

Based on the allegations in the Complaint, the Clerk of Court is **DIRECTED** to **ENTER** the standard qualified protective order pursuant to the Health Insurance Portability and

Accountability Act.

**IT IS SO ORDERED.**

**DATED:  June 28, 2021**

<u>*s/ Staci M. Yandle*</u>
**STACI M. YANDLE**
**United States District Judge**

## <u>Notice to Plaintiff</u>

The Court will take the necessary steps to notify the Defendant of your lawsuit and serve him with a copy of your Complaint. After service has been achieved, Defendant will enter an appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the Defendant's Answer, but it is entirely possible that it will take **90 days** or more. When Defendant has filed his Answer, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendant before filing any motions, to give the Defendant notice and an opportunity to respond to those motions. Motions filed before Defendant's counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.