IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| FREDERICK WARREN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:21-CV-575-MAB |
| | ) |
| ETHAN MCQUEEN, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

**BEATTY, Magistrate Judge:**

This case is before the Court on three motions filed by the Plaintiff and one motion filed by the Defendant. Specifically, there is a motion to withdraw admissions filed by Defendant (Doc. 24), two motions for recruitment of counsel filed by Plaintiff (Docs. 27, 30), and a motion for entry and judgment by default (Doc. 28). The Court will address the motions below in the manner the Court believes to be most efficient.

**A. Motion to Withdraw Admissions and Motion for Entry and Judgment by Default**

On November 3, 2021, the Court granted a discovery-related motion for extension of time and directed Defendant's to respond to Plaintiff's discovery requests (including Requests for Admission) on or before December 1, 2021 (*See* Doc. 23). On December 2, 2021, Defendant filed a motion to withdraw admissions (Doc. 24). In the motion, counsel for Defendant concedes that she failed to serve responses to Plaintiff's requests for

1

admission the previous day.[1] Pursuant to Rule 36(a)(3), if a party to whom requests for admission are directed fails to answer or object within 30 days of service, the matters are deemed admitted. Fed. R. Civ. P. 36(a)(3); *Fabriko Acquisition Corp. v. Prokos*, 536 F.3d 605, 607 (7th Cir. 2008). However, Rule 36(b) permits the Court to allow withdrawal of the admissions if doing so would "promote the presentation of the merits of the action" and it would not prejudice the requesting party's ability to maintain or defend the action on the merits. Fed. R. Civ. P. 36(b).

Defendant acknowledges that its failure to respond has resulted in the admission of all of Plaintiff's requests unless the Court allows the admissions to be withdrawn (*See* Doc. 24). Defendant argues that withdrawal is appropriate because counsel finalized the responses and mailed them to the Plaintiff the very next day after they were due (December 2, 2021). Defendant also notes that allowing the admissions to be withdrawn will promote resolution of this case on the merits and that the inadvertent failure to respond has occurred early in the case while discovery is still open, so any prejudice to the Plaintiff can be cured through continued discovery (*Id.*).

Plaintiff did not file a response in opposition to Defendant's motion. Instead, Plaintiff opted to file a motion seeking default judgment based on Defendant's admissions (*See* Doc. 28). In the motion, Plaintiff contends that Defendant should not be

---

[1] The Court notes, however, that neither Plaintiff's requests for admission nor Defendant's ultimate responses were filed on the Court's docket. Under SDIL-LR 26(b)(1), requests to admit and the responses must be served on opposing counsel *and* filed on the Court's docket. This is different than interrogatories and requests for production, which shall *not* be filed on the docket. But for future reference in this case, the Court expects the parties to comply with the Local Rules and file any and all requests for admission and responses on the docket.

allowed to withdraw his admissions because the admitted facts would alter the trial of this case because they are proof in support of Plaintiff's claim (Doc. 28).

Defendant's motion to withdraw admissions will be granted and Plaintiff's motion for entry and judgment by default will be denied. To begin, the Court notes that on December 2, 2021, counsel for Defendant noticed that she had missed the December 1 deadline and immediately took action to rectify this error. Counsel mailed the responses to Plaintiff that very same day and immediately sought the appropriate relief from the Court. Moreover, its not as if Defendant missed the deadline by a month, or three months, or six months. And its not as if counsel missed the deadline and then stuck her head in the sand and hoped no one would notice. She owned up to the error, took immediate action to cure the problem, and diligently sought relief.

Additionally, the Court notes that discovery is still ongoing and is not set to close until July 2022 (*see* Doc. 18). *See Johnson v. Target Corp.*, 487 Fed. Appx. 298, 300 (7th Cir. 2012) ("There is no prejudice if . . . the withdrawal is made before trial and discovery may be reopened.") (citing *Conlon v. United States,* 474 F.3d 616, 622–24 (9th Cir. 2007) and *Perez v. Miami–Dade Cnty.,* 297 F.3d 1255,1267–68 (11th Cir. 2002)). At the time of the botched deadline, Plaintiff had a little over seven months to continue his discovery efforts. And other than the obvious fact that it is better to have facts that are good for you admitted, it is not really clear to the Court how the Plaintiff will be prejudice if the Court allows the admissions to be withdrawn. Its not as if plaintiff built his entire trial strategy around certain facts being admitted and then the rug was pulled out from under him on the eve of trial. Indeed, even as things stand today, there is three more months until the

3

close of discovery. And as previously noted, its not as if three or six months passed between the missed deadline and the motion for relief, and all the while Plaintiff was planning a case strategy based on the admissions. Defendant sought relief the very next day. Additionally, allowing the admissions to be withdrawn will promote the resolution of this case on its merits, which is always preferrable. As a result, the Court will grant Defendant's motion to withdraw admissions (Doc. 24).

Plaintiff's motion requesting the entry of default judgment is entirely predicated on Defendant's admissions (*See* Doc. 28). In light of the Court's ruling on the motion to withdraw, Plaintiff's motion for entry of default judgment must be denied. Because the admissions are withdrawn, the facts that Plaintiff says are admitted and warrant judgment in his favor are in fact no longer admitted. They are contested. Thus, Plaintiff's request for judgment is no longer viable. As an aside, default judgment requires a showing that the party has failed to plead or otherwise defend in the lawsuit. *See* Fed. R. Civ. P. 55(a). [2] A motion for summary judgment is likely what Plaintiff was trying to accomplish based on his contention that the admitted facts are proof of his claims (*See* Doc. 28). This type of motions seeks judgment in the party's favor if the movant can show that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a).

---

[2] Obtaining default judgment is a two step process. First, the plaintiff must file a motion for entry of default pursuant to Rule 55(a) with the Clerk of Court and demonstrate that the defendant has failed to answer or otherwise respond to the complaint. Fed. R. Civ. P. 55(a); *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004). Once default has been established, and thus liability, the plaintiff must then file a motion for default judgment pursuant to Rule 55(b) and establish his entitlement to the relief he seeks. Fed. R. Civ. P. 55(b); *VLM Food Trading Int'l, Inc. v. Illinois Trading Co.*, 811 F.3d 247, 255 (7th Cir. 2016); *In re Catt*, 368 F.3d at 793.

In sum, Defendant's motion to withdraw admissions (Doc. 24) is granted. Defendant's admissions to Plaintiff's requests for admission (originally served on October 14, 2021) are withdrawn. Plaintiff's motion for entry and judgment by default (Doc. 28) is denied.

### B. Plaintiff's Motions for Recruitment of Counsel

There are two motions for recruitment of counsel that have been filed on the Court's docket (*See* Docs. 27, 30). A careful side by side comparison of the two motions reveals that they are identical. This also confirmed at the bottom of page 2 on each motion where it is clear that both were sworn to in front of the same notary on December 22, 2021 (*Compare* Doc. 27, p. 2 *with* Doc. 30, p. 2). Accordingly, the Court will cite to the more recently filed motion (Doc. 30) in the ensuing discussion but its ruling will apply to both.

To begin with, the Court notes that "[t]here is no right to recruitment of counsel in federal civil litigation, but a district court has discretion to recruit counsel under 28 U.S.C. § 1915(e)(1)." *Dewitt v. Corizon, Inc.*, 760 F.3d 654, 657 (7th Cir. 2014). When presented with a request to appoint counsel, the Court must make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or effectively been precluded from doing so, and (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007).

In support of his motion for counsel, Plaintiff has submitted his trust fund as of December 14, 2021 (the Court previously informed Plaintiff it needed this information) and it reveals that he had a balance of $21.71 (Doc. 30, p. 11). Here, Plaintiff paid the filing fee in full and did not request to proceed *in forma pauperis* ("IFP"), and so the Court

previously denied his motion for counsel because it was unable to conclude he is indigent (Doc. 23). The Court directed Plaintiff to submit a new motion for recruitment of counsel on a form from the Court, which requires him to answer questions about his financial status under penalty of perjury (Doc. 23). Although Plaintiff did not follow these instructions, he did submit his trust fund account and a motion asking for counsel under penalty of perjury. The Court has reviewed Plaintiff's trust fund account and based on the information currently before it, the Court finds it sufficient to establish that he is indigent and unable to afford an attorney. If, of course, Plaintiff's financial situation changes, the Court may revisit its finding of indigence.

In considering whether Plaintiff has made a reasonable attempt to obtain counsel on his own, it is clear that he has written to three law firms requesting representation (Doc. 30, pp. 3-5). It is unclear, however, what responses, if any, he has received from these firms. Have all of them declined representation? This question is not answered. Given the fact none of these firms have filed an entry of appearance in this case to date, the Court assumes that all of have either declined representation or not yet gotten back to the Plaintiff. In the future, if Plaintiff files an additional motion for counsel, he should include the declination letters. Nevertheless, the Court will assume for the time being that he has made a reasonable attempt to obtain counsel.

At this time, however, Plaintiff *does* appear capable and competent to litigate this case on his own. For example, his motion for entry of default judgment, although it may have procedurally missed the mark, is well written and well reasoned (*See* Doc. 28). It demonstrates a working understanding of the federal discovery rules (*Id.*). And although

the Court acknowledges that Plaintiff takes medications for certain diagnoses he has received (*see* Doc. 30, pp. 6-8), this does not appear to have prevented him from capably litigating this case to date. His writings and submissions to the Court are cogent and organized and easy for the Court to follow.

Almost all prisoners who are representing themselves are in the same (or at least similar) boat as Plaintiff—they have limited education and know little about the law. They would all benefit from having a lawyer, "but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases." *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014). The pool of attorneys this District draws from to represent *pro se* prisoners is relatively small. Thus the Court is "in the unenviable position of identifying, among a sea of people lacking counsel, those who need counsel the most." *Id.* Accordingly, Plaintiff's motions for recruitment of counsel (Docs. 27, 30) must be denied. This denial is *without prejudice*, meaning Plaintiff may renew his motion if the discovery demands of the case become so complex that they are beyond the capacity for Plaintiff to understand.

## Conclusion

Defendant's motion to withdraw admissions (Doc. 24) is **GRANTED**. Defendant's admissions to Plaintiff's requests for admission (originally served on October 14, 2021) are hereby **WITHDRAWN**.

Plaintiff's motion for entry and judgment by default (Doc. 28) is **DENIED.**

Plaintiff's motions for recruitment of counsel (Docs. 27, 30) are **DENIED without prejudice**.

IT IS SO ORDERED.

DATED:  March 31, 2022

                                                                                     *s/ Mark A. Beatty*
                                                                                     **MARK A. BEATTY**
                                                                                     **United States Magistrate Judge**